UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARIENNE MAROTTA,

    Plaintiff,                                   CASE NO.:

v.

WYATT DENTAL ASSOCIATES, LLC
d/b/a SOUTH TAMPA DENTISTRY,

    Defendant.
_____/

**COMPLAINT**

Plaintiff, DARIENNE MAROTTA, by and through her undersigned counsel, hereby sues Defendant, WYATT DENTAL ASSOCIATES, LLC d/b/a SOUTH TAMPA DENTISTRY, and states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, DARIENNE MAROTTA (hereinafter as "Marotta" or "Plaintiff"), is a resident of Pinellas County, Florida, at all times material and was an employee of Defendant within the meaning of the Family and Medical Leave Act (FMLA).

4. Plaintiff has been diagnosed with a medical condition that affects Plaintiff's major life activities, including, but not limited to, performing manual tasks and working. Despite Plaintiff's disability, she is a qualified individual who is able to perform the essential duties of her job.

5. Defendant, WYATT DENTAL ASSOCIATES, LLC d/b/a SOUTH TAMPA DENTISTRY ("Wyatt Dental") is a Florida corporation authorized and doing business in this Judicial District.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to bringing this action have occurred.

7. On September 28, 2021, Plaintiff filed a timely Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

8. The Right to Sue was issued on March 10, 2022.

9. More than 180 days have passed since the filing of the Charge of Discrimination.

## FACTUAL ALLEGATIONS

10. Plaintiff began her employment with Defendant in or around August 2019 as a full-time Receptionist/Front Desk.

11. In late 2019, one of Marotta's co-workers began to bully and harass her. This harassment caused Marotta a great deal of stress.

12. On or around December 3, 2020, Marotta suffered a seizure while at work. A co-worker called 911, and an ambulance transported Marotta to a hospital, where she was admitted. As a result of her hospital admission, Marotta missed several days of work.

13. Shortly after her hospitalization, Marotta notified the owner of the practice, Dr. Wyatt, and the Operations manager, Anne Timmel, of the ongoing harassment, which was exacerbating her medical condition.

14. Later in December, Marotta again had a seizure at work, and again went to the hospital. As a result of this seizure, Marotta missed additional time at work.

15. In early January of 2021, Marotta reached out to Wyatt Dental to discuss possible modifications to her work schedule that would enable her to treat her ongoing medical issue.

16. In response to Marotta's request to discuss possible options to adjust her schedule, Wyatt Dental terminated her employment.

17. When Marotta asked why she was being terminated, she was told that she was not "all in" on the job anymore.

## COUNT I
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – DISABILITY DISCRIMINATION

18. Plaintiff realleges and adopts as if fully set forth herein, the allegations stated in Paragraphs 1 through 17.

19. As described above, Plaintiff has a disability, and/or the Defendant perceived her to have a disability as defined by Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq.*, *Florida Statutes.*

20. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of her disability and/or perceived disability.

21. Plaintiff raised concerns of discrimination against her due to her disability.

22. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff, DARIENNE MAROTTA, prays for judgment against the Defendant, WYATT DENTAL ASSOCIATES, LLC d/b/a SOUTH TAMPA DENTISTRY for the following damages:

    a. Back pay and benefits;

      b.      Interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

      e.      Pecuniary and non-pecuniary losses;

      f.      Attorney's fees and costs; and

      g.      For any other relief, this Court deems just and equitable.

## COUNT II
## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA") DISABILITY DISCRIMINATION

23. Plaintiff realleges and adopts as if fully set forth herein, the allegations stated in Paragraphs 1 through 17.

24. Plaintiff is an individual entitled to protection under the Americans With Disabilities Act Amendments Act of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

25. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of her job with Defendant.

26. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of her disability and/or perceived disability.

27. Plaintiff raised concerns of discrimination and retaliation due to her disability.

28. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff, DARIENNE MAROTTA, prays for judgment against the Defendant, WYATT DENTAL ASSOCIATES, LLC d/b/a SOUTH TAMPA DENTISTRY for the following damages:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e. Pecuniary and non-pecuniary losses;

    f. Attorney's fees and costs; and

    g. For any other relief, this Court deems just and equitable.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – RETALIATION

29. Plaintiff realleges and adopts as if fully set forth herein, the allegations stated in Paragraphs 1 through 17.

30. As described above, Plaintiff suffered an adverse employment action (termination) for opposing Defendant's discriminatory treatment of her, which

action is unlawful pursuant to Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq., Florida Statutes.*

31. The above-described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which Defendant is liable.

32. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff, DARIENNE MAROTTA, prays for judgment against the Defendant, WYATT DENTAL ASSOCIATES, LLC d/b/a SOUTH TAMPA DENTISTRY for the following damages:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages;

   e. Pecuniary and non-pecuniary losses;

   f. Costs and attorney's fees;

   g. For any other relief, this Court deems just and equitable.

### COUNT IV
### AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA") RETALIATION

33. Plaintiff realleges and adopts as if fully set forth herein, the allegations stated in Paragraphs 1 through 17.

34. Plaintiff suffered an adverse employment action (termination) for opposing an employment practice and for opposing Defendant's discriminatory treatment of her, which action is unlawful pursuant to the ADAAA, 42 U.S.C. § 12112, *et seq.*

35. The above-described acts constitute retaliation, in violation of the ADAAA.

36. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff, DARIENNE MAROTTA, prays for judgment against the Defendant, WYATT DENTAL ASSOCIATES, LLC d/b/a SOUTH TAMPA DENTISTRY for the following damages:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages;

    e. Pecuniary and non-pecuniary losses;

    f. Attorney's fees and costs; and

    g. For any other relief, this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

37. Plaintiff, DARIENNE MAROTTA, requests a jury trial on all issues

so triable.

Dated this 23rd day of March 2022.

>**FLORIN GRAY BOUZAS OWENS, LLC**
>
>*/s/Scott L. Terry*
>**SCOTT L. TERRY, ESQUIRE**
>Florida Bar No.: 77105
>Primary: sterry@fgbolaw.com
>Secondary:  debbie@fgbolaw.com
>**CHRISTOPHER D. GRAY, ESQUIRE**
>Florida Bar No.: 902004
>chris@fgbolaw.com
>16524 Pointe Village Drive, Suite 100
>Lutz, FL 33558
>Telephone (727) 254-5255
>Facsimile (727) 483-7942
>Attorneys for Plaintiff